# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

VALLYN FLEMING,

                      Plaintiff,

-against-

NADAP, INC., JEAN-STUART SANON, and
STEPHANIE OTANEZ

                      Defendants.

---------------------------------------------------------------x

Case No. 1:23-cv-08892

## NEGOTIATED FLSA SETTLEMENT AGREEMENT

       WHEREAS, Plaintiff Vallyn Fleming ("Plaintiff"), and Defendant NADAP, Inc. ("NADAP"), desire to resolve, settle and agree to dismiss with prejudice any and all claims under the Fair Labor Standards Act ("FLSA") which Plaintiff has made in or by the Complaint in the above-captioned action pending in U.S. District Court for the Southern District of New York, Case No. 1:23-cv-08892 (the "Lawsuit"), without further litigation or adjudication;

       WHEREAS, Plaintiffs and NADAP understand and agree that Defendants NADAP, Jean-Stuart Sanon and Stephanie Otanez (collectively referred to as "Defendants") deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in pleadings in the Lawsuit and any other matter or thing whatsoever;

       WHEREAS, a *bona fide* dispute exists as to Plaintiff's claims for alleged unpaid overtime wages;

       WHEREAS, Plaintiff and NADAP understand and agree that neither the making of this Negotiated FLSA Settlement Agreement ("Agreement") nor anything contained herein shall be construed or considered in any way to be an admission by Defendants or any other person or entity of guilt or noncompliance with any federal, state or local statute, order, regulation or ordinance, public policy, tort law, contract (whether oral or written, express or implied), common law, employment policies, practices, benefit plans, compensation plans or procedures, or of any other wrongdoing whatsoever; and,

WHEREAS, the Lawsuit shall be dismissed in its entirety and with prejudice by the Court pursuant to the Stipulation and Order of Dismissal of FLSA Claims with Prejudice that shall be executed by counsels for Plaintiff and NADAP, as set forth below:

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES THAT:

1. **<u>Definition of Parties</u>.**

(a) "Releasor" shall be defined to include Plaintiff in this Lawsuit for herself and on behalf of any of her respective present or former spouse(s), dependents, heirs, assigns, lien holders, fiduciaries, successors, creditors, debtors, and counsel; and,

(b) "Releasees" shall be defined to include Defendants herein, and the current and former employees of NADAP, their insurers, and any otherwise related persons or entities who Plaintiff claims or may claim employed her within the meaning of the Fair Labor Standards Act ("FLSA") at any time during her employment with NADAP.

2. **<u>Plaintiff's Commitments</u>.** In exchange for the promises set forth in paragraph "3" below, Plaintiff agrees as follows:

(a) Plaintiff will sign this Agreement, and she authorizes her attorneys to execute the Stipulation And Order Of Dismissal Of FLSA Claims With Prejudice attached hereto as Exhibit A;

(b) After consultation with counsel, Plaintiff knowingly and voluntarily releases and forever discharges Defendants and all other Releasees of and from any and all claims of any kind arising under the Fair Labor Standards Act or any other right to wages, known or unknown, that she has or may have based upon any conduct occurring up to and including the date Plaintiff executes this Agreement;

(c) Plaintiff understands and agrees that the Settlement Amount (described in Paragraph "3" below) is in full satisfaction, and in excess, of any and all obligations Defendants or Releasees may have with respect to Plaintiff's claims for alleged unpaid wages, liquidated damages, interest and attorneys' fees under the wage and hour provisions of the Fair Labor

Standards Act, and/or any other applicable wage hour and wage payment laws, rules or regulations ("Wage Claims") for anything that has occurred up to the date Plaintiff executes this Agreement;

    3.    **NADAP's Commitments.**  In exchange for the promises made herein by Plaintiff contained in Paragraph "2" above, and in the other provisions of this Agreement, NADAP agrees as follows:

    (a)    NADAP agrees to provide to Plaintiff the total settlement sum of Nine Thousand Dollars and Zero Cents ($9,000.00) ("the Settlement Amount") in consideration for and in full satisfaction of all Wage Claims Plaintiff has or may have against Defendants or any other Releasee, whether known or unknown, asserted or unasserted for any act, omission, transaction or occurrence which has taken place up to and including the date of execution of this Agreement.

    (b)    The Settlement Amount shall be paid within thirty (30) days after the presiding court has approved the dismissal of the Lawsuit with prejudice, as follows:

    (i)    One payment via ACH to the designated account of "Vallyn Fleming" in the amount of Three Thousand Dollars and Zero Cents ($3,000.00), subject to all lawful tax withholdings, as payment for alleged wages, which shall be reportable to Plaintiff on an IRS Form W-2;

    (ii)    One payment via ACH to the designated account of "Vallyn Fleming" in the amount of Three Thousand Dollars and Zero Cents ($3,000.00), as payment for alleged liquidated and other nonwage damages, which shall be reportable to Plaintiff on an IRS Form 1099; and

    (iii)    One payment via ACH to the designated account of "Goddard Law PLLC" in the amount Three Thousand Dollars and Zero Cents ($3,000.00) as payment for Plaintiff's alleged attorneys' fees and expenses, which shall be reportable to Plaintiff and Goddard Law PLLC on an IRS Form 1099.

    (c)    Plaintiff agrees that she is responsible for the payment of any taxes, interest, penalties and other liabilities or costs that may be assessed upon the Settlement Amount.  Plaintiff further agrees to indemnify and hold Releasees harmless against the payment of any taxes, interest, penalties and other liabilities or costs that are assessed in connection with the Settlement Amount.  Should Plaintiff fail to indemnify and hold Releasees harmless against the payment of any taxes, interest, penalties and other liabilities or costs that may be assessed upon the Settlement Amount and Releasees are required to enforce any of the provisions of this Paragraph, Plaintiff agrees to

reimburse Releasees for the reasonable attorneys' fees and costs Releasees incur in obtaining and enforcing such indemnification.

4. **No Other Entitlement Under the FLSA.** As a consequence of this settlement, Plaintiff affirms that she has been paid and has received all compensation, wages, bonuses, commissions, benefits, and other monies to which she is entitled under the FLSA.

5. **Non-Admission of Wrongdoing.** Plaintiff and NADAP agree that neither this Agreement nor the furnishing of the consideration provided for herein shall be deemed or construed at any time or for any purpose as an admission of any liability or unlawful conduct of any kind by Defendants.

6. **Severability and Modification**.

(a) If any provision of this Agreement is declared illegal or unenforceable by any court, administrative agency, or other entity, Plaintiff and NADAP both agree that the court, administrative agency or other entity has the full discretion to interpret or modify all such provisions to be enforceable and is directed to do so. To aid in that process, if any such provision is determined to be invalid, illegal, or unenforceable, but could be interpreted or modified to be made valid, legal, or enforceable by modification thereof, then the party for whose benefit the provision exists, may make such modification as necessary to make the provision valid, legal, enforceable, and consistent with the intent stated in this Agreement and the other party shall sign an agreement or stipulation to adopt that modification;

(b) If such interpretation or modification is not possible, such provision immediately shall become null and void, leaving the remainder of this Agreement in full force and effect. However, if the release of Wage Claims contained herein is limited or held to be null and void NADAP shall have the option of terminating this Agreement.

7. **Section Headings.** Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

8. **Competence to Waive Claims.** Plaintiff is competent to affect a knowing and voluntary general and unlimited release of all claims as referenced above and to enter into this Agreement. Plaintiff is not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired. To the contrary, Plaintiff has a clear and complete

4

understanding of this Agreement, as explained to her by her counsel. Plaintiff is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle the Lawsuit, to waive all claims, and to indemnify Releasees from any claims by or relating to Plaintiff.

9. **Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed an original and each of which shall together constitute one and the same agreement. A signed fax or .pdf copy shall, for all purposes, be deemed an original and in full force and effect.

10. **Execution.**

(a) The terms of this Agreement are the product of mutual negotiation and compromise between Plaintiff and NADAP. The meaning, effect, and terms of this Agreement have been fully translated and explained to Plaintiff by her counsel. Plaintiff fully understands that this Agreement generally releases, settles, bars, and waives any and all Wage Claims that she possibly could have against Releasees. Plaintiff further represents that she is fully satisfied with the advice and counsel provided by her attorneys.

(b) Upon the complete execution of this Agreement, Plaintiff's counsel and NADAP's counsel shall sign the Stipulation and Order of Dismissal of FLSA Claims with Prejudice, and Plaintiff's counsel shall prepare and file an application requesting judicial approval of the Parties' settlement as reflected in this Agreement.

(c) Plaintiff fully understands the terms of this Agreement.

**PLAINTIFF IS ADVISED THAT SHE SHALL HAVE TWENTY-ONE CALENDAR DAYS TO CONSIDER THIS AGREEMENT.**

**PLAINTIFF AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT, DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL UP TO TWENTY-ONE (21) CALENDAR DAYS CONSIDERATION PERIOD.**

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS SET FORTH ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH HER COUNSEL GODDARD LAW PLLC, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS SHE HAS OR MIGHT HAVE AGAINST RELEASEES.**

5

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Negotiated Settlement Agreement as follows:

*PLAINTIFF VALLYN FLEMING:*

11/15/2024

_____     _____
Date                          Vallyn Fleming

*DEFENDANT NADAP, INC.*

November 18, 2024 | 11:25 AM EST

_____ By: _____
Date                             Gary Stankowski
                                             Chief Operating Officer

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

VALLYN FLEMING,

                              Plaintiff,

       -against-

NADAP, INC., JEAN-STUART SANON, and
STEPHANIE OTANEZ

                             Defendants.

Case No. 1:23-cv-08892

------------------------------------------------------------------------x

**<u>STIPULATION AND ORDER OF DISMISSAL OF FLSA CLAIMS WITH PREJUDICE</u>**

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff Vallyn Fleming and Defendants NADAP, Inc., Jean-Stuart Sanon, and Stephanie Otanez, through their undersigned attorneys who state that they have been authorized to enter into this Stipulation, that the Parties have agreed to amicably resolve any and all claims by Plaintiff against Defendants in this action, including claims under the Fair Labor Standards Act, 29 U.S.C. § 201 <u>et seq.</u>, and have authorized their undersigned counsel to stipulate, consent, and agree to dismiss the instant action with prejudice to Plaintiff. The terms of the Parties' Negotiated FLSA Settlement Agreement have been reviewed and approved by the Court. No attorneys' fees or costs will be awarded to any party by the Court, except as provided therein.

Dated: Nov 15, 2024        By: _____
                                                 Clela A. Errington, Esq.
                                                 GODDARD LAW PLLC
                                                 39 Broadway, Suite 1540
                                                 New York, NY 10006
                                                 *Attorneys for Plaintiff*

Dated: November 18, 2024        By: _____
                                    Isaac J. Burker, Esq.
                                    JACKSON LEWIS P.C.
                                    44 South Broadway, 14th Floor
                                    White Plains, New York 10601
                                    Tel. (914) 872-8060
                                    *Attorneys for Defendants*

The Court hereby dismisses the instant action with prejudice.

   SO ORDERED this _____ day of _____, 2024

                    _____
                         Hon. Vernon S. Broderick

2