UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
VALLYN FLEMING,                                             :
                                                            :
                                                            :         23-CV-8892 (VSB)
                                        Plaintiff,          :
                                                            :         **OPINION & ORDER**
                    -against-                               :
                                                            :
                                                            :
                                                            :
NADAP, INC., *et al.*,                                      :
                                                            :
                                        Defendants.         :
                                                            :
------------------------------------------------------------X

Megan Sarah Goddard
Clela Alice Errington
Goddard Law PLLC
New York, New York
*Counsel for Plaintiff*

Isaac Jonathan Burker
Monika Zarski
Penny Ann Lieberman
Jackson Lewis P.C.
White Plains, New York
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

On November 19, 2024, the parties filed a joint letter motion seeking approval of the settlement agreement reached in this Fair Labor Standards Act ("FLSA") case. (Doc. 30; *see also* Doc. 30-1 (the "Settlement Agreement")). Parties may not privately settle FLSA claims and stipulate to the case's dismissal pursuant to Fed. R. Civ. P. 41(a) without the approval of the district court or the Department of Labor. *See Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 807 (2d Cir. 2022); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must demonstrate to me that their settlement is "fair

1

and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015) (internal quotation marks omitted).

Having reviewed the materials before me, I find that the Settlement Agreement is fair and reasonable. Therefore, the Parties' joint motion seeking an order approving the Settlement Agreement is GRANTED. Plaintiff's Seventh, Eighth, and Ninth causes of action for unequal pay under the New York Equal Pay Act (the "NYEPA"), unpaid overtime under the FLSA, and unpaid overtime under the New York Labor Law (the "NYLL") and the New York Codes, Rules, and Regulations (the "NYCRR"), respectively, are DISMISSED with prejudice pursuant to Fed. R. Civ. P. 41(a). I do not state an opinion regarding Plaintiff's First, Second, Third, Fourth, Fifth, and Sixth causes of action.[1]

## I.     Legal Standard

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

"In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593,

---

[1] The non-wage and hour claims are for discrimination (First, Third, and Fifth causes of action), retaliation (Second and Fourth causes of action), and aiding and abetting discrimination and retaliation (Sixth cause of action). The parties state that "they have reached a separate agreement . . . for the release of Plaintiff's non-wage and hour claims," which they are not submitting for judicial review. (Doc. 30 at 1 n.1.) For the reasons stated below, I do not consider and do not opine on that separate settlement agreement. *See infra* at Part II.A.

600 (2d Cir. 2020). In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.* "A reasonable hourly rate is a rate 'in line with . . . prevailing [rates] in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation.'" *McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984)). A fee may not be reduced "'merely because the fee would be disproportionate to the financial interest at stake in the litigation.'" *Fisher*, 948 F.3d at 602 (quoting *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)).

"When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Fisher*, 948 F.3d at 597.

## II. Discussion

I have reviewed the Settlement Agreement, supporting evidence, and supplemental material in order to determine whether the terms are fair, reasonable, and adequate. I find that they are.

### A. *Bifurcated Agreements*

As a threshold matter, I consider whether I can conduct a bifurcated *Cheeks* review of the Settlement Agreement when a separate settlement agreement of non-wage and hour claims exists that is "not being submitted to this Court for review." (Doc. 30 at 1 n.1.) I conclude that I can.

The Second Circuit "has not ruled directly on the permissibility of bifurcated settlements" in the context of a *Cheeks* review. *Pavone v. Diesel U.S.A., Inc.*, No. 21-CV-5219, 2022 WL 1177344, at *2 (S.D.N.Y. Mar. 2, 2022) (citation omitted). Although the Second Circuit has stated that "a district court must take into account at least the existence of the state law claims in assessing the reasonableness of the settlement, which turns in part on the total potential recovery," *Fisher*, 948 F.3d at 607 n.12, courts in this Circuit disagree about what that means.

I join the numerous courts that have approved FLSA settlement agreements under *Cheeks* without reviewing the terms of non-FLSA settlements. *See, e.g.*, *Laxa v. CIM Grp L.P.*, No. 23-CV-5333, 2024 WL 1422813, at *1 n.1 (S.D.N.Y. Mar. 13, 2024) (approving FLSA-related settlement agreement without reviewing a separate settlement of discrimination claims); *Abrar v. 7-Eleven, Inc.*, No. 14-CV-6315, 2016 WL 1465360, at *1 (E.D.N.Y. Apr. 14, 2016) (approving FLSA-related settlement agreement without reviewing a separate settlement of NYLL claims); *Feliz v. Parkoff Operating Corp.*, No. 17-CV-7627, 2018 WL 1581991, at *3 (S.D.N.Y. Mar. 27, 2018) (same). Here, the confidential settlement agreement of Plaintiff's remaining claims of discrimination, retaliation, and aiding and abetting discrimination and retaliation under federal and state law does not require judicial review. *See Chowdhury v. Brioni Am., Inc.*, No. 16-CIV-344, 2017 WL 5953171, at *5 (S.D.N.Y. Nov. 29, 2017) ("Plaintiffs' discrimination claims, unlike their FLSA claims, do not require judicial approval." (collecting cases)).

Courts that require the submission of the non-FLSA settlement agreement seem to be concerned that the bifurcated settlement approach is an end run around *Cheeks*. *See, e.g.*, *Doe v. Solera Cap. LLC*, No. 18-CV-1769, 2021 WL 568806, at *2 (S.D.N.Y. Jan. 20, 2021) (rejecting FLSA settlement agreement because separate non-wage-and-hour-related settlement agreement contained confidentiality and non-disparage clauses prohibited under *Cheeks*); *Torres v. McGowan Builders*, No. 18-CV-6099, 2020 WL 5369056, at *3 (E.D.N.Y. Sept. 8, 2020) (rejecting FLSA settlement agreement because its "limited release is illusory so long as the non-FLSA settlement agreement releases those claims that would be impermissible to release in the FLSA settlement agreement"). Here, the Parties "affirm that the separate agreement reached between them specifically exclude release of Plaintiff's wage and hour claims" and state that "[t]he only agreement addressing Plaintiff's wage and hour claims is the one submitted herein for the Court's review." (Doc. 30 at 1 n.1.) This indicates that the separate non-FLSA settlement agreement

4

contains terms and/or carve-outs that do not implicate the FLSA settlement under *Cheeks*. *See Solera*, 2021 WL 568806, at *2 ("[A] non-disparagement clause in the non-FLSA agreement must, at a minimum, contain a carve-out for truthful statements about a plaintiff's experience regarding the plaintiff's wage-and-hour claims.").[2] I thus find "no basis to infer that the use of a separate agreement for non-FLSA claims has been used here to end-run legal limitations on the settlement of FLSA claims." *Pavone*, 2022 WL 1177344, at *2.

Accordingly, I find that I can conduct a *Cheeks* review of the submitted FLSA-related settlement agreement.

### B.   *Settlement Amount*

I first consider the sum provided for in the Settlement Agreement. Plaintiff's complaint alleges violations of the wage and overtime provisions of the NYEPA, (Doc. 12 ¶¶ 205–210), FLSA, (*id.* ¶¶ 211–217), and the NYLL and the NYRR, (*id.* ¶¶ 218–223). When seeking approval of a FLSA settlement, the plaintiff "must supply calculation addressing all possible sources of a plaintiff's potential damages." *Leonardo v. Reza Fast Food, Inc.*, No. 20 Civ. 8879 (VSB), 2022 WL 2440975, at *2 (S.D.N.Y. July 5, 2022).

---

[2] In *Solera*, the court cited *Fisher* and stated that a "court must take into account at least the existence of the non-FLSA settlement in assessing the reasonableness of the FLSA settlement." *Solera*, 2021 WL 568806, at *1 (citing *Fisher*, 948 F.3d at 607 n.12). However, *Fisher* involved FLSA and parallel state law claims under the NYLL, with separate settlement agreements resolving each. 948 F.3d at 597–98. In contrast, the parties here entered into one settlement agreement resolving all wage and hour claims under the FLSA and its state-law parallel, and another settlement agreement resolving all non-wage and hour claims (i.e., the discrimination and retaliation claims). Because I consider the Settlement Agreement here, which contemplates the wage and hour state law claims, I necessarily "take into account" the settlement of the parallel state-law claims including those under the NYEPA, NYLL, and NYCRR as required by *Fisher*.

Plaintiff asserts that if she had prevailed on her unpaid-wages claims, she would have received $9,379.54 in unpaid wages.[3] (Doc. 30 at 3.) Plaintiff argues that she was required to work about 3.5 hours of unpaid time per week from about October 2018 until March 2020. (*Id.*)

Under the Settlement Agreement, Plaintiff would receive $9,000, less $3,000 in attorneys' fees, (*id.* 2–3.), for an actual recovery of $6,000 or 63.969% of her possible recovery. In this District, settlements of 12 to 13 percent of the total possible recovery are the low end of what is considered reasonable in the context of a *Cheeks* review. *See, e.g.*, *Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, 538 F. Supp. 3d 310, 323 (S.D.N.Y. 2021) (finding that a settlement representing roughly 13 percent of the possible recovery was at the low end of what is reasonable (collecting cases)).

The settlement amount is thus well within the range of reasonable recoveries, particularly given the litigation risks of this case. Defendants contend that Plaintiff was not required to work during the time she claims she was required to work. (Doc. 30 at 3.) The parties engaged in one unsuccessful mediation attempt before a court-appointed mediator, (*see* Doc. 21), and could have engaged in expensive motion practice and trial, (Doc. 30 at 3). Such costly stages of litigation will be avoided through this settlement. (*Id.*) The Parties state that the settlement sum "reflects a compromise of heavily disputed claims" from a second mediation attempt, (*id.*), further confirming the reasonableness of the settlement sum.

Additionally, I find nothing in the record suggesting that the Settlement Agreement is tainted by fraud or collusion or that it is the product of anything less than arm's-length bargaining

---

[3] Plaintiff does not explicitly state that the $9,379.54 represents an amount that considers all claims, including liquidated damages, statutory damages, and those over time. However, under the Settlement Agreement, Plaintiff agrees that the settlement amount "is in full satisfaction, and in excess" of claims Plaintiff may have for liquidated damages, interest and attorneys' fees under the FLSA and/or any other applicable wage-hour or wage-payment laws, rules, or regulations "for anything that has occurred up to the date" that Plaintiff signed the Settlement Agreement. (Doc. 30-1 at 2–3.)

between experienced counsel. Such arm's-length bargaining occurred over several months, involved mediation, and the resulting settlement agreement has been accepted by both parties. (*Id.* at 4.) Accordingly, the settlement sum is fair and reasonable given comparable cases in this District.

### C. *Remaining Provisions*

#### 1. Release Clause

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15-CV-2727, 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-CV-2592, 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)). For this reason, "[a] number of judges in this District refuse to approve any FLSA settlement unless the release provisions are 'limited to the claims at issue in this action.'" *Cionca v. Interactive Realty, LLC*, No. 15-CV-5123, 2016 WL 3440554, at *3 (S.D.N.Y. June 10, 2016) (quoting *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259, 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015)).

The Settlement Agreement provides for a release of various claims. (Doc. 30-1 § 2.) This release is restricted to

> any and all claims of any kind arising under the Fair Labor Standards Act or any other rights to wages, known or unknown, that she has or may have based upon any conduct occurring up to and including the date Plaintiff executes this Agreement.

(*Id.* § 2(b).)

Although the language releases Defendants from claims "known or unknown, that she has or may have based upon any conduct occurring up to and including the date Plaintiff executes [the Settlement] Agreement," the claims are limited to wage-related claims, and are thus limited to "conduct [that] arises out of the identical factual predicate as the settled conduct." *Lopez*, 96 F. Supp. 3d at 181 (internal quotation marks omitted). This means that "a release is valid only insofar as it precludes future claims that arise from the same facts at issue in the class action (its goal being to prevent the parties from litigating the same issues again under a different legal theory)." *Souza v. 65 St. Marks Bistro*, No. 15-CV-327, 2015 WL 7271747, at *6 (S.D.N.Y. Nov. 6, 2015).

Courts have approved release language similar to the language here. *See, e.g.*, *Zorn-Hill v. A2B Taxi LLC*, No. 18-CV-11165, 2020 WL 5578357, at *7 (S.D.N.Y. Sept. 17, 2020) (approving settlement where release provision relates to "any and all Wage Claims of any kind or nature, whether known or unknown"); *Pucciarelli v. Lakeview Cars, Inc.,* No. 16-CV-4751, 2017 WL 2778029, at *3 (E.D.N.Y. June 26, 2017) (approving settlement where release provision "relates specifically to wage and hour issues without encompassing, for example, prospective discrimination claims" (citations omitted)).

Given that this release is expressly limited to FLSA and other wage-related claims that predate the Settlement Agreement, the terms are fair and reasonable.

2. <u>Remaining Provisions</u>

The Parties note that the Settlement Agreement does not contain a confidentiality clause that would be contrary to FLSA's broad remedial purposes, nor does it contain a non-disparagement clause. (Doc. 30 at 4.) Accordingly, I find "all other provisions of the [Settlement Agreement] to be fair and reasonable, as it includes no objectionable release, non-disparagement, or confidentiality provisions." *Contreras v. Karizma Lounge Corp.*, No. 20-CV-5167, 2023 WL 3853347, at *3 (S.D.N.Y. May 8, 2023); (*see* Doc. 30 at 4, Doc. 30-1).

      **D.**    *Attorneys' Fees*

A district court in this Circuit, in its discretion, may calculate attorneys' fees using either the lodestar method or the percentage of the fund method. *See McDaniel v. County of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). As a general matter, the "starting point" in determining reasonable attorneys' fees is "the lodestar — the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (lodestar calculation creates a "presumptively reasonable fee" (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 183 (2d Cir. 2008))). The party seeking fees bears the burden of demonstrating that its requested fees are reasonable, *see Blum v. Stenson*, 465 U.S. 886, 897 (1984), and must provide the court with sufficient information to assess the fee application, *see New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). Additionally, "[c]ourts regularly award lodestar multipliers from two to six times lodestar." *Johnson v. Brennan*, No. 10-CV-4712, 2011 WL 4357376, at *20 (S.D.N.Y. Sept. 16, 2011); *see also Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481–82 (S.D.N.Y. 2013) (finding that "the lodestar sought by Class Counsel, approximately 6.3 times, falls within the range granted by courts . . . . ").

Plaintiff's counsel's lodestar in this matter is $47,791.00. (Doc. 30 at 4.) As an initial matter, the 181.62 hours spent on this matter, which include legal work for non-wage-and-labor claims that are not the subject of the Settlement Agreement, (Doc. 30-2), seems reasonable. However, Plaintiff's counsel's hourly billing rate of $475, (Doc. 30 at 5), is slightly higher than the rate that courts in this District have found to be reasonable. *See, e.g., Ochoa v. Prince Deli Grocery Corp.*, No. 18-CV-9417, 2021 WL 5235222, at *2 (S.D.N.Y. Nov. 8, 2021) (calling $450/hour the "prevailing maximum rate in the Southern District"). More fundamentally, Plaintiff's billing records are for all the work that Plaintiff's counsel did in this case, including the non-wage-and-

9

labor claims that are the subject of a separate settlement agreement that is not before me. (*See* Doc. 30-2.) To the extent that I may compare the proposed attorneys' fees amount of $3,000 with the lodestar in this case of $47,791.00, the proposed fee award represents a lodestar multiplier of 0.062.

Under a percentage-of-the-fund method, I find that the proposed attorneys' fees amount of $3,000 is reasonable. According to the Settlement Agreement, Plaintiff's counsel will receive $3,000 in fees and expenses, which is a third of Plaintiff's total recovery. (Doc. 30 at 4; Doc. 30-1 § 3(b)(iii).) "Fees of one-third in FLSA cases are routinely approved in this Circuit." *Manley v. Midan Rest. Inc.*, 14-CV-1693, 2017 WL 1155916, at *9 (S.D.N.Y. Mar. 27, 2017) (collecting cases); *see also Zorn-Hill v. A2B Taxi LLC*, No. 18-CV-11165, 2020 WL 5578357, at *6 (S.D.N.Y. Sept. 17, 2020) ("[C]ourts in the Second Circuit routinely award attorney's fees in FLSA settlements one-third of the total recovery.")

Given this, I find the requested attorneys' fees and costs under the Settlement Agreement to be fair and reasonable.

### III.     Conclusion

For the reasons stated above, I find that the proposed Settlement Agreement to be fair and reasonable. Accordingly, the Settlement Agreement is APPROVED.

Plaintiff's Seventh, Eighth, and Ninth causes of action for unequal pay under the NYEPA, unpaid overtime under the FLSA, and unpaid overtime under the NYLL and the NYCRR, respectively, are DISMISSED with prejudice pursuant to Fed. R. Civ. P. 41(a). As to those causes of action, I shall retain jurisdiction solely for the purpose of enforcing the Settlement Agreement.

Plaintiff's First, Second, Third, Fourth, Fifth, and Sixth causes of action remain unaffected. SO ORDERED.

Dated:  December 9, 2024
        New York, New York

_____
Vernon S. Broderick
United States District Judge